IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE KLUENDER,
on behalf of herself and all others
similarly situated,

       Plaintiff,

v.

OAK GROVE ASSISTED CARE, LLC,

       Defendant.

OPINION and ORDER

23-cv-473-jdp

---

  Plaintiff Michelle Kluender brings this proposed class and collective action against defendant Oak Grove Assisted Care, LLC, where she formerly worked as a Resident Care Aide. Plaintiff contends that Oak Grove violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Wisconsin wage law by shaving time (via electronic timeclock rounding) from hourly-paid, nonexempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed. Dkt. 1. Oak Grove moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Dkt. 7. Defendant argues that the complaint must be dismissed because plaintiff hasn't alleged enough facts to establish that her position was "nonexempt" under the FLSA, that she and the other class members had the same job duties, or the specific amount she and the other class members were allegedly underpaid. Dkt. 8, at 6. The court will deny the motion, for the reasons explained below.

---

[1] Plaintiff originally filed this action in the Eastern District of Wisconsin. Defendant filed a motion to dismiss for both improper venue and for failure to state a claim. Dkt. 7. The court found that venue was improper in the Eastern District and transferred the case, without deciding the Rule 12(b)(6) motion. Dkt. 14.

ANALYSIS

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 556 (2007)).

A. **FLSA claim**

Plaintiff alleges that she was employed by defendant as a Resident Care Aide, an hourly-paid, nonexempt position. Defendant argues that this is not enough to state an overtime claim under the FLSA because the allegation that plaintiff is "nonexempt" is merely a legal label, unsupported by any allegations of fact. But "[i]t is the employer's burden to establish that an employee is exempt," and "[c]omplaints need not anticipate, and attempt to plead around, potential affirmative defenses." *Sanchez v. Haltz Const., Inc.*, No. 09 C 7531, 2012 WL 13514, at *4 (N.D. Ill. Jan. 4, 2012) (citations omitted). Further, as the employer, defendant would know the duties of a Resident Care Aide and whether that position is exempt from the FLSA's overtime provisions.

Defendant also argues that plaintiff has not adequately pled a collective FLSA claim because it is unclear from the complaint whether the other proposed class members have the same job duties as plaintiff. Dkt. 8, at 4 (noting that complaint alleges only that proposed class members hold "similarly-titled" positions). In general, "whether a suit can be maintained as a class or collective action is determined not on a Rule 12(b)(6) motion, but on a motion to

2

certify a class action under Rule 23 or a motion to certify a collective action under 29 U.S.C. § 216(b)." *Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *2 (N.D. Ill. May 15, 2012) (citing cases); *see also* 7B Wright, Miller & Kane, Federal Practice & Procedure § 1798 (3d ed. 2005). An exception to the general rule exists in situations where the complaint reveals "fatal deficiencies" with the collective action claims, *id.*, but such deficiencies aren't present here. The complaint, Dkt. 1, doesn't provide a detailed description of plaintiff's job duties, but it does provide that (1) all the purported collective members had "the same or similarly-titled positions" (¶18), and "substantially similar job requirements and pay provisions" (¶65), (2) the members all performed primarily nonexempt job duties and were paid hourly (¶61), (3) they all used defendant's allegedly unlawful electronic timekeeping system (¶59), and (4) they were all denied overtime pay for hours worked over 40 hours a week (¶62). The complaint contains enough details to give the defendant fair notice of what the claim is, the grounds upon which it rests, and the putative class, so it survives dismissal. Defendant can challenge the appropriateness of proceeding collectively when plaintiff moves for conditional certification and issuance of class notification.

B.  **State-law claims**

Plaintiff asserts two claims under Wisconsin's Wage Payment and Collection Laws: (1) unpaid overtime pay; and (2) unpaid regular wages. Defendant's challenges to the overtime claim mirror its objections to the FLSA claim. The court rejects those challenges for the reasons just discussed.

As for the claim for unpaid regular wages, defendant argues that plaintiff fails to state either an individual or class claim because she hasn't alleged the specific amount that defendant agreed to pay her, when her regular pay day was, the amount she allegedly was not paid on her

regular pay day, and whether she ever demanded such payment, much less whether the other class members are similarly situated with respect to these missing details. *See* Wis. Stat. § 109.03(5) (giving employees "a right of action against any employer for the full amount of the employee's wages due on each regular pay day"). The Federal Rules of Civil Procedure require only "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's allegation that defendant maintained an electronic timekeeping system that deprived her and the other class members of their full rate of pay by shaving time from their timesheets is sufficient to state a claim for unpaid regular wages under state law. The amount of the resulting underpayment to plaintiff and the other class members is an issue more appropriately addressed at the damages phase.

ORDER

IT IS ORDERED that defendant's motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Dkt. 7, is DENIED.

Entered November 6, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge